**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSEPH ANDREW HYLKEMA, a single man,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ASSOCIATED CREDIT SERVICE, INCORPORATED,  a Washington corporation; LINDA DOE and JOHN DOE, husband and wife and the marital community thereof, jointly and severally,<br><br>　　　　　　　　Defendants. | NO. C11-0211<br><br>DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |

Defendants hereby object to Plaintiff's motion to strike affirmative defenses.

First, there are is no evidence to support the Plaintiff's allegations, which have been specifically denied by the Defendants.  It is believed the Plaintiff intentionally disputed the debt by phone, failing to put the dispute in writing in an attempt to create a basis for litigation.  The Plaintiff is a veteran Plaintiff, of at least 20 federal debt

DEFENDANT'S OBJECTION TO \PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES　　　　　- 1 -
Case No. C11-0211

Law Office of
J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

collection cases in this court alone.  He is an individual who under the circumstances should be deemed an unsophisticated consumer.  See attached **Exhibit "A"**, a court printout of Plaintiff's litigation history with the US District Court, Western District of Washington.

Although not put in writing, the Defendants transmitted the Plaintiff's claim of a disputed debt subsequent to Plaintiff's telephone call.  See accompanying Declaration of Eric Solberg.

It should further be noted that no discovery has been made, nor has the Plaintiff made the required initial disclosures.  Plaintiff's credit reports (all 3 major reporting agencies) on which the Plaintiff bases his claim have not been disclosed.

If Plaintiff's credit report does not report the disputed debt as alleged, it is not due to any act or omission of the Defendants, but rather the national reporting agencies.

The question of whether any alleged violation was intentional or not, is a question of fact that should not be decided at this point in the litigation.

Motions to strike affirmative defenses are generally disfavored.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004).  Although not a 9th circuit case, the standard to prevail on a motion to strike an affirmative defense was very clearly stated in *MTA Metro-North R.R. v. Buchanan Marine, L.P.,* 2006 U.S. Dist. LEXIS 88850 (D. Conn. 2006).

DEFENDANT'S OBJECTION TO \PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES            - 2 -
Case No. C11-0211

Law Office of
J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

**"Plaintiff must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) [he] would be prejudiced by the inclusion of the defense.**

As an initial matter, the Plaintiff does not allege any prejudice suffered by the inclusion of the Defendants' affirmative defenses.  This alone is sufficient to deny the motion.  But this Court should also find that there are substantial questions of law and fact that prevent striking any of the Defendant's affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading an insufficient defense.  In this case the affirmative defense that the Defendant did not perform the act or omission as claimed is a valid defense.  The Plaintiff made no inquiry prior to filing suit to see if in fact the disputed debt was reported.  The Plaintiff failed to state a claim for which relief can be granted as the Defendants committed no violation of the Fair Debt Collection Practices Act.

An affirmative defense is insufficiently pled only if it does not give the plaintiff fair notice of the nature of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).  The answer and more specifically the amended answer states that the Defendant did not commit the acts alleged.

DEFENDANT'S OBJECTION TO \PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES         - 3 -
Case No. C11-0211

Law Office of
J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

1    Plaintiff's motion to strike affirmative defenses should be denied

2

3    DATED at Spokane, Washington, this 1st day of July, 2011.

4
                              LAW OFFICE OF
5                             J. GREGORY LOCKWOOD, PLLC

6                             /s/ J. Gregory Lockwood
                              J. GREGORY LOCKWOOD
7                             WSBA 20629
                              Law Office of J. Gregory Lockwood
8                             522 West Riverside, Suite 420
                              Spokane, WA 99201
9                             Phone:      (509) 624-8200
                              Fax:        (509) 623-1491
10                            Email:      jgregorylockwood@hotmail.com
                              Attorney for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
DEFENDANT'S OBJECTION TO \PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES            - 4 -
Case No. C11-0211

Law Office of
J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

1

2

## CERTIFICATE OF SERVICE

3

I, J. GREGORY LOCKWOOD, hereby certify that on July 1, 2011, I electronically filed

4

the foregoing with the Clerk of the Court using the CM/ECF System which will send

5

notification of such filing to the following:

6

      none

7

and I hereby certify that I have mailed by United State Postal Service the document to

8

the following non-CM/ECF participants:

9

10

      Joseph Andrew Hylkema
      477 Peace Portal Drive #107-244

11

      Blaine WA  98230

12

13

      */s/ J. Gregory Lockwood*
      J. GREGORY LOCKWOOD

14

      WSBA 20629
      Law Office of J. Gregory Lockwood

15

      522 West Riverside, Suite 420
      Spokane, WA 99201

16

      Phone:     (509) 624-8200
      Fax:       (509) 623-1491

17

      Email:     jgregorylockwood@hotmail.com
      Attorney for Defendants

18

19

20

21

22

23

24

25

DEFENDANT'S OBJECTION TO \PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES     - 5 -
Case No. C11-0211

Law Office of
J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

EXHIBIT "A"

# Select A Case

## This person is a party in 20 cases.

| | | | |
|---|---|---|---|
| [2:03-cv-03686-MJP](#) | Hylkema v. Capital Recovery Associates Inc | filed 11/25/03 | closed 09/20/04 |
| [2:04-cv-00428-MJP](#) | Hylkema v. Progressive Financial Services Inc et al | filed 02/25/04 | closed 06/16/04 |
| [2:04-cv-01501-MJP](#) | Hylkema v. Diversified Adjustment Service Incorporated et al | filed 06/30/04 | closed 08/04/04 |
| [2:04-cv-01800-TSZ](#) | Hylkema v. Telecheck Services Inc | filed 08/18/04 | closed 10/29/04 |
| [2:04-cv-02253-JLR](#) | Hylkema v. Southwest Credit Systems LP et al | filed 11/02/04 | closed 12/07/04 |
| [2:05-cv-00101-RSM](#) | Hylkema v. RentCollect Corporation et al | filed 01/19/05 | closed 02/27/07 |
| [2:05-cv-00203-JCC](#) | Hylkema v. Certegy Payment Recovery Services Inc et al | filed 02/02/05 | closed 05/23/06 |
| [2:05-cv-01912-MJP](#) | Hylkema v. Renton Collections Inc et al | filed 11/17/05 | closed 03/24/06 |
| [2:05-mc-00118-JLR](#) | Hylkema v. Nationwide Collections Inc et al | filed 07/14/05 | closed 02/02/06 |

| | | | |
|---|---|---|---|
| [2:06-cv-00704-TSZ](#) | Hylkema v. Progressive Financial Services Inc et al | filed 05/18/06 | closed 07/11/06 |
| [2:06-cv-01354-JLR](#) | Hylkema v. OSI Collection Services Inc et al | filed 09/20/06 | closed 11/20/06 |
| [2:07-cv-01224-MJP](#) | Hylkema v. Credit Control Services Inc | filed 08/07/07 | closed 09/25/07 |
| [2:07-cv-01679-RSL](#) | Hylkema v. Palisades Collection LLC et al | filed 10/15/07 | closed 03/11/08 |
| [2:08-cv-00955-MJP](#) | Hylkema v. Stuart Allan & Associates Inc et al | filed 06/19/08 | closed 07/22/08 |
| [2:09-cv-00431-MJP](#) | Hylkema v. Seattle Service Bureau Inc et al | filed 04/01/09 | closed 05/19/09 |
| [2:09-cv-01325-RSM](#) | Hylkema v. GC Services Limited Partnership et al | filed 09/18/09 | closed 10/22/09 |
| [2:09-cv-01572-TSZ](#) | Hylkema v. Merchants Credit Corporation et al | filed 11/03/09 | closed 12/29/09 |
| [2:10-cv-00247-JLR](#) | Hylkema v. GC Services Limited Partnership et al | filed 02/09/10 | closed 04/28/10 |
| [2:10-cv-01048-RSM](#) | Hylkema v. GC Services Limited Partnership | filed 06/24/10 | closed 07/28/10 |
| | Hylkema v. Associated | | |

<u>2:11-cv-
00211-MJP</u>  Credit Service Incorporated et al    filed 02/07/11

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/01/2011 11:14:30 | | | |
| PACER Login: | gl1237 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: hylkema |
| Billable Pages: | 1 | Cost: | 0.08 |