|     |                                                                                                                                                                                      |                                                                                                                                      |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | ------------------------------------------------------------------------------------------------------------------------------------ |
|     |                                                                                                                                                                                      | Hon. Mary Alice Theiler                                                                                                              |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSEPH ANDREW HYLKEMA, a single man,<br>Plaintiff<br>v.<br><br>ASSOCIATED CREDIT SERVICE, INCORPORATED, a Washington corporation; LINDA DOE and JOHN DOE, husband and wife and the marital community thereof, jointly and severally,<br>Defendants | No. 11-CV-00211-MAT<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>MOTION CALENDAR: NOV. 18, 2011 |

**RELIEF REQUESTED**

Plaintiff requests the Court deny the defense's motion for summary judgment and instead grant Plaintiff's cross-motion for partial summary judgment establishing Defendant ACS' liability for violating 15 U.S.C. § 1692e(8) and both defendants' liability for violating 15 U.S.C. § 1692e(10). Plaintiff also requests the Court dismiss any 15 U.S.C. § 1692k(d) *bona fide* error defense, however denominated, on the grounds that ACS has failed to produce any or sufficient evidence that it maintains

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 1

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  the requisite procedures reasonably adapted to avoid such an
2  error.

### STATEMENT OF FACTS

4  The defense's motion for summary judgment consists primarily, if not exclusively, of its self-serving interpretation of the transcript of Plaintiff's telephone conversation with defendant Linda DOE. It also repeats, mantra-like, that "there is no basis or evidence for this claim, and, therefore, should be dismissed with prejudice [*sic*]."

10  For obvious reasons, the defense has made a Herculean effort to distance itself from another, very crucial piece of evidence: Its own internal records of its efforts to collect the Alleged Debt from Plaintiff (the "Case Notes"). *See* accompanying *Declaration of Joseph Andrew Hylkema in Support of Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment* (the "Hylkema Declaration"), at 3 § 7; *Exh. C*, at 5 – 6.[1] It is easy to see why: Not only do the Case Notes provide abundant evidence to support Plaintiff's claims they completely vindicate all of them. They clearly and unambiguously show that ACS' Secretary-Treasurer, David Solberg, committed perjury when he declared to this Court that ACS "immediately" reported the Alleged Debt as disputed to Experian

---

[1] Exhibit page number references are to the "Bates" number at the bottom center of the page.

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 2

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  upon Plaintiff's oral notification on January 19, 2011.
2  *Declaration of David Solberg in Support of Defendant's* [sic]
3  *Motion for Summary Judgment* ("Solberg Declaration"), Docket
4  Number ("DN") 22, at 4 — 5.  In fact, ACS took no action on
5  Plaintiff's credit report for more than a month after it had
6  been sued.  *Hylkema Decl.*, at 3 § 6; *Exh. C*, *Id*.
7    The Case Notes confirm what Plaintiff already knew from
8  checking his Experian credit report no fewer than <u>seven</u> times:
9  ACS mishandled Plaintiff's personal information by failing to
10 report the Alleged Debt as disputed upon receipt of Plaintiff's
11 oral dispute as it is required to do by the FDCPA and under
12 black letter Ninth Circuit law.  *Hylkema Decl.*, at 2 § 4; *Exh.*
13 *A*.  Further, the Case Notes confirm that when Plaintiff
14 contacted ACS, Defendant DOE did falsely stated that any dispute
15 would have to be in writing to be effective.  *Hylkema Decl.*, at
16 4 § 8.3; *Exh. C*, *Id*.  These facts, as revealed by ACS' own Case
17 Notes, preclude summary judgment for the defense and instead
18 call for summary judgment for Plaintiff.
19   Besides making statements that are directly impeached by his
20 company's own Case Notes, the Solberg Declaration can be summed
21 up thusly:  "ACS has policies regarding disputes and credit
22 bureau reporting.  Those policies were followed in Plaintiff's
23 case.  Trust us."  Truth be told, the defense did produce 52
24 pages of materials purporting to be their internal policies and

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR
SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 3

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  procedures.  *Hylkema Decl., Exh. C*, at 7 — 59.  These policies
2  do cover such highly relevant items as "Grievances and
3  Compliants [*sic*]," *Id.,* at 24, "Harrassment [*sic*]," *Id.,* and
4  during what times of the year nylons must be worn (by female
5  staff only, one would hope), *Id.,* at 23.  However, the policies
6  referenced in the Solberg Declaration are nowhere to be found in
7  the materials the defense produced.  In fact, the term "credit
8  reporting" appears nowhere in these documents.  Worse, the only
9  evidence of any employee training or guidance on the FDCPA's
10 requirements given by ACS consists of a two-page boilerplate
11 form printed by ACA International (the collection agency trade
12 association) where each employee agrees to "conform and adhere
13 to the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et*
14 *seq.* FDCPA [*sic*]."  *Hylkema Decl., Exh. C*, at 10 — 11.  In a
15 similar vein, while the documents produced do include a copy of
16 the text of the FDCPA, *Id.,* at 37 — 59, they are devoid of any
17 procedures of any kind that ACS uses to comply with the Act.

18                        **EVIDENCE RELIED UPON**

19    Plaintiff relies upon the accompanying Hylkema Declaration and
20 the exhibits thereto.

21                             **ARGUMENT**

22                             **The FDCPA**

23    It is black letter law that the FDCPA imposes strict liability
24 for violations.  *Clark v. Capital Credit & Collection Services,*

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR
SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 4

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  *Inc*. 460 F.3d 1162, 1177 (9th Cir. 2006).  The <u>only</u>, "narrow,"
2  *Id.,* exception to strict liability is the FDCPA's *bona fide*
3  error defense, 15 U.S.C. § 1692k(c).  *Id*.  No less an authority
4  than the U.S. Supreme Court has determined that the bona fide
5  error defense only excuses unintentional clerical errors.  It
6  does not apply to errors of law or reliance on the erroneous
7  advice of counsel. *Jerman v. Carlisle, McNellie, Rini, Kramer &*
8  *Ulrich LPA, et al.,* ___ U.S. ___, 130 S.Ct. 1605, 176 L.Ed.2d
9  519, (U.S. 2010).

10   It is settled law in the Ninth Circuit that "[o]ral dispute of
11  a debt precludes the debt collector from communicating the
12  debtor's credit information to others without including the fact
13  that the debt is in dispute."  *Camacho v. Bridgeport Financial*
14  *Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

15   The FDCPA authorizes attorney fees to a prevailing defendant
16  only upon a finding that the Plaintiff's case was brought in bad
17  faith and for purposes of harassment.  15 U.S.C. § 1692k(a)(3).
18  Under this standard, even an FDCPA claim that is "minimally
19  colorable" will not support an award of attorney fees.  *Guerrero*
20  *v. RJM Acquisitions LLC,* 499 F.3d 926 (9th Cir. 2007).

21                         **Summary Judgment**
22   "[S]ummary judgment will not lie if . . . the evidence is such
23  that a reasonable jury could return a verdict for the nonmoving
24  party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR
SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 5

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, summary judgment is only appropriate when the evidence presented, viewed in the light most favorable to the non-moving party, is so one-sided that one party must prevail as a matter of law. *Id.,* at 252.

Here, the defense's own records, which it produced and which it does not and cannot dispute the authenticity of, clearly show that Defendant ACS did not report the Alleged Debt to Experian as disputed, notwithstanding Mr. Solberg's claim to the contrary. They also show that Defendant Linda DOE told Plaintiff that his dispute would have to be submitted in writing. This evidence not only defeats the defense's motion for summary judgment, it is of the kind that is so one-sided as to support summary judgment in Plaintiff's favor.

Further, to the extent that the defense claims its conduct was not intentional, it has failed to show that it maintains any procedures to avoid such an error, let alone procedures "reasonably adapted" to do so as the FDCPA requires. Whether it maintains additional written procedures beyond what it provided in its FRCP 26(a)(1) initial disclosures is irrelevant at this point because the defense's failure to produce those documents voluntarily means that it cannot now rely upon them. For this reason, the Court must, at least for the purposes of this Motion, assume that Exhibit "C" to the Hylkema Declaration

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 6

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  comprises the whole of ACS' policies and procedures with respect
2  to the collection of consumer indebtedness, including the
3  reporting of said indebtedness to credit bureaus.
4  Finally, if nothing else, Plaintiff has presented far more
5  than adequate evidence, and did far more than an adequate
6  investigation, to bring his claim above the "minimally
7  colorable" level, *Guerrero*, supra, so as to justify denial of
8  the defense's request for attorney fees.

## CONCLUSION

10  The defense's own internal records provide sufficient evidence
11  to defeat the defense's motion for summary judgment. Not only
12  that, they completely vindicate Plaintiff's theory of the case
13  such that summary judgment for Plaintiff is justified. These
14  records establish, to a certainty, Defendant ACS' liability for
15  violating 15 U.S.C. § 1692e(8) and both defendants' liability
16  for violating 15 U.S.C. § 1692e(10).

17  DATED: October 24, 2011

18  S/Joseph A. Hylkema
    JOSEPH ANDREW HYLKEMA
19  WSBA: N/A
    Plaintiff pro se

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR
SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 7

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

J. Gregory Lockwood
L/O/O J. Gregory Lockwood
420 — 522 W. Riverside Ave.
Spokane, WA 99201
Email:  jgregorylockwood@hotmail.com

And I further certify that I caused a true and correct copy of the foregoing to be directed to the following non CM/ECF participants via the following means:

N/A

DATED:  October 24, 2011 at Blaine, Washington.

S/Joseph A. Hylkema
JOSEPH ANDREW HYLKEMA
WSBA: N/A
Plaintiff pro se

PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT (No. 11-CV-211-MAT) - 8

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM